IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYMOND HAROLD GRUZINSKY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-387-M |
| | ) | |
| ROBERT PATTON, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, this matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

On April 13, 2015, the undersigned reviewed the pleadings filed by Petitioner and entered an order requiring Petitioner to either pay the $5.00 filing fee or submit a request to proceed *In Forma Pauperis*. Additionally the Petitioner was required to submit the Petition on the proper form. *See* (ECF No. 4). On May 5, 2015 the Petitioner paid the $5.00 filing fee, and on May 6, 2015, he submitted a Petition in the proper format. The undersigned again reviewed the pleadings and entered a Report and Recommendation on June 5, 2015 recommending dismissal without prejudice pursuant to Rule 2(e) of the Rules Governing Section 2254 Petitions in the United States District Courts, but with leave to amend. *See* (ECF No. 12). Petitioner filed his Second Amended Petition (ECF No. 23) on August 24, 2015 along with a series of Motions, Letters and Supplements. *See* (ECF Nos. 21-28, 30-35). The undersigned again reviewed the

pleadings and determined that the second amended petition (ECF No. 23) challenged the conditions of Petitioner's confinement, and the supplemental filing (ECF No. 32) raised claims challenging the execution of his sentence. The Petitioner was then ordered to show cause why this court should not strike the documents challenging the conditions of his confinement from this habeas action, (ECF Nos. 21, 22, 23, 25, 26, and 27). *See* (ECF No. 36). In the alternative, Petitioner was advised that he may voluntarily withdraw the identified documents and file a new, separate action brought pursuant to 42 U.S.C. § 1983. Following another series of filings (ECF Nos. 37-48) by the Petitioner, the Court granted Petitioner's Motion to Dismiss all claims relating to the conditions of confinement and granted Petitioner an extension of time to file a third amended petition. *See* (ECF No. 49.) Following this extension, Petitioner has been granted 3 additional extensions to amend his petition, *See* (ECF Nos. 54, 56 and 62), the last due date being May 18, 2016. Petitioner filed a Motion to Dismiss (ECF No. 59) and Motion for Extension of Time (ECF No. 60) on April 21, 2016. Because these two filings contradicted each other, the Court granted the Motion for Extension of Time (ECF No. 60), allowing the Petitioner a final opportunity to file a proper petition.

A review of the court file indicates that as of this date, the Petitioner has neither submitted an amended petition nor responded to the Court's most recent order (ECF No. 62) in any way.

The undersigned finds that Petitioner's failure to comply with the Court's Orders, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe*

*County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (*sua sponte* dismissal for failure to comply with Court's orders permitted under federal rules, and the court need not follow any particular procedures in dismissing actions without prejudice for failure to comply). Petitioner's Motion to Dismiss (ECF No. 59) should be denied as moot.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that this action be **DISMISSED without prejudice** for Petitioner's failure to comply with this Court's orders, specifically failing to submit an amended petition. In addition, Petitioner's Motion to Dismiss (ECF No. 59) should be denied as moot. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **July 6, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned magistrate judge in the captioned matter.

ENTERED on June 17, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE